FILED
2017 Mar-31  PM 12:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| ROBERT GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-00096-SGC |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| COMMISSIONER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION[1]

Plaintiff Robert Grant appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").  Plaintiff timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).  Also pending is Plaintiff's motion to remand. (Doc. 19).  For the reasons that follow, the Commissioner's decision is due to be affirmed, and the motion to remand is due to be denied.

## I.    FACTS, FRAMEWORK, AND PROCEDURAL HISTORY

Plaintiff was forty-nine years old at the time of the Administrative Law Judge's ("ALJ's") decision.  (R. 99).  He has a high school education and speaks English.  (R. 31).  His past relevant work includes kitchen helper, industrial cleaner, utility worker, and yard worker.  (R. 31).  These jobs are classified at the medium or heavy exertional level.  (*Id.*).  Plaintiff claimed an onset date of March 1, 2010, and stated he had not engaged in substantial gainful activity ("SGA") since that time.  (R. 25).

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 20).

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination whether the claimant is performing SGA. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in SGA, he or she is not disabled and the evaluation stops. *Id.* If the claimant is not engaged in SGA, the Commissioner proceeds to consider the combined effects of all the claimant's physical and mental impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet durational requirements before a claimant will be found disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch,* 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, at which the Commissioner determines whether the claimant's impairments meet the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairments fall within this category, the claimant will be found disabled without further consideration. *Id.* If the impairments do not fall within the listings, the Commissioner determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).

At step four the Commissioner determines whether the impairments prevent the claimant from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, he or she is not disabled and the evaluation stops. *Id.* If the claimant cannot perform past relevant work, the analysis proceeds to the fifth step, at which the Commissioner considers the claimant's RFC, as well as the claimant's age, education, and past work experience, to determine whether he or she can perform other work.

*Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can do other work, he or she is not disabled.  *Id.*

Applying the sequential evaluation process, ALJ Perry Martin found Plaintiff had not engaged in SGA since the alleged onset of his disability.  (R. 25).  At step two, the ALJ found Plaintiff suffered from the following severe impairments: coronary artery disease; obesity; diabetes mellitus with neuropathy; hypertension; status-post gastric bypass; and depression. (*Id.*).

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments meeting or medically equaling any of the listed impairments.  (*Id.*).  Before proceeding to step four, the ALJ determined Plaintiff had the RFC to perform sedentary work as defined in 20 CFR §§ 404.1567(a) and 416.967(a) with the following limitations:

> The claimant must periodically alternate sitting and standing at 30-minute or greater intervals to relieve pain and discomfort; occasional pushing or pulling with lower extremities; no climbing ladders, ropes or scaffolds; occasionally climbing ramps and stairs; occasionally balancing, kneeling, crouching, stooping; no crawling; avoid concentrated exposure to extreme heat and cold, and vibration; no exposure to dangerous machinery, and unprotected heights; no work requiring walking on even terrain.  During a regularly scheduled workday, or the equivalent thereof, the individual can: understand and remember short and simple instructions, but is unable to [do] so with detailed or complex instructions; do simple, routine, repetitive tasks, but is unable to do so with detailed or complex tasks; the claimant is able to deal with workplace changes if they are well-explained and introduced occasionally and gradually.

(R. 27).

At step four, the ALJ determined Plaintiff was unable to perform any of his past relevant work.  (R. 31).  Because the Plaintiff's RFC did not allow for the full range of sedentary work, the ALJ relied on the testimony of a vocational expert as evidence for finding a significant number of jobs in the national economy Plaintiff can perform.  (R. 31-32).  The ALJ concluded by finding Plaintiff was not disabled.  (R. 32).

## II.    STANDARD OF REVIEW

A court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).   A court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, a court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).   "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).   Indeed, even if a court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987)

4

(citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.   DISCUSSION

Plaintiff argues the ALJ's decision should be reversed and remanded for three reasons: (1) the Appeals Council (the "AC") improperly disregarded evidence submitted on appeal; (2) the ALJ's decision is not based on substantial evidence; and (3) the ALJ's finding that Plaintiff was not credible was not based on substantial evidence.  (Doc. 11 at 1-2).  Each contention is addressed in turn.  Also addressed below is Plaintiff's motion to remand, which is fully briefed and ripe for adjudication.  (Docs. 19, 21-22).

### A.      The AC's Treatment Of New Evidence

A claimant may present new evidence on appeal.  *See* 20 C.F.R. §§ 404.900(b), 416.1470(b); *Ingram v. Com'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007).  The AC has discretion not to review the ALJ's denial of benefits.  *See* 20 C.F.R. §416.1470(b).  But where evidence submitted on appeal is new, material, and chronologically relevant, the AC must consider it.  *Ingram*, 496 F.3d at 1261.  Evidence is "new" if it is not cumulative to the evidence presented to the ALJ.  *See Caulder v. Brown*, 791 F.2d 872, 877 (11th Cir. 1986) (where previous evidence was inadequate, a comprehensive evaluation of a back impairment was new evidence).  New evidence is material if it is "relevant and probative so that there is a reasonable possibility that it would change the administrative result."  *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987).  Evidence is chronologically relevant if it "relates to the period on or before the date" of the ALJ's decision.  20 C.F.R. § 404.970(b).

Here, the evidence submitted on appeal is comprised of the following: (1) a letter brief submitted on July 31, 2014, which contained a Quality of Life / Physical Capacities Evaluation from Dr. Stacy Towles-Moore dated July 11, 2014, a letter from Dr. Towles-Moore dated June 1, 2014, and a summary of Quality of Life Health Services rendered between March 3, 2014, and May 6, 2014; and (2) a letter dated May 8, 2015, which contained a Quality of Life evaluation spanning from August 20, 2014, through April 13, 2015, and school records.  (Doc. 11 at 13-23). In her letter of June 1, 2014, Dr. Towles-Moore stated:  "He has [a history] of Diabetes and associated numbness and tingling in his lower extremities (Diabetic Neuropathy).  As such, it is difficult for him to walk or stand for any length of time (i.e. [more] than 5 minutes at a time)." (R. 419).

The AC's denial of Plaintiff's appeal indicates it considered all of this evidence.  (R. 2, 5).  The AC stated, "We found that this information does not provide a basis for changing the Administrative Law Judge's decision."  (R. 2).  The AC also stated the following:

> We looked at records from Quality of Life Health Services dated August 20, 2014 through April 17, 2015 (34 pages).  The Administrative Law Judge decided your case through May 29, 2014.  This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before May 29, 2014.

(*Id.*).[2]

The AC was not required to provide a discussion of the new evidence when denying a request for review.  *Mitchell v. Colvin*, 771 F.3d 780, 784 (11th Cir. 2014).  Therefore, mere failure to specify the reasons why the evidence was insufficient to change the ALJ's decision does not require remand.

---

[2] Plaintiff does not address the school records submitted with the May 8, 2015 letter.  Therefore, this court does not address these records on appeal.

Plaintiff contends the letter from Dr. Towles-Moore is relevant because it contains the opinion of a treating physician and the records showing continuation of treatment are relevant because they bolster Plaintiff's credibility and indicate his diabetes and associated neuropathy were ongoing.  (Doc. 11 at 13, 16).  If credited, Plaintiff argues, there is a reasonable possibility this evidence would persuade the ALJ to reverse his decision.  (*Id.* at 15).

Records showing continuation of treatment are insufficient to demonstrate chronological relevance.  *See Recla v. Soc. Sec. Admin., Com'r*, 594 Fed. App'x 592, 594 (11th Cir. 2015) (*citing Ingram*, 496 F.3d at 1261) (classification of condition as "recurrent" does not, by itself, establish chronological relevance).  To the extent Dr. Towles-Moore's letter establishes continuation of treatment, Plaintiff's diabetes and neuropathy were considered by the ALJ.  (R. 25) (classifying Plaintiff's diabetes with neuropathy as a severe impairment).  Because the ALJ reached his decision in light of Plaintiff's diabetes and neuropathy, this evidence presents no substantial likelihood of changing the outcome.  Therefore, Plaintiff has failed to establish the AC erred in its treatment of this evidence.

Plaintiff's argument that Dr. Towles-Moore's letter serves to support the credibility of Plaintiff's testimony is also unavailing.  In order to warrant reversal, the letter must present a substantial likelihood of changing the administrative result.  *Hyde*, 823 F.2d at 459.  Here, the ALJ did not entirely discredit Plaintiff's allegations as to his symptoms.  (R. 28-29).  Instead, the ALJ found Plaintiff's own statements as to certain activities undercut his testimony as to the severity and impact of those symptoms on Plaintiff's ability to perform certain tasks.  (*Id.*).  Plaintiff himself stated he was able to shop, drive, and prepare meals.  (R. 28-29, 199-206).  Although these tasks were difficult and sometimes painful for him, the fact that they were possible in some degree is all the ALJ credited in finding Plaintiff was able to perform a

"reduced range of sedentary exertional work."  (R. 29).  Because Dr. Towles-Moore's opinion that Plaintiff would be unable to stand for more than five minutes presents no likelihood of changing the ALJ's assessment given Plaintiff's own testimony, her opinion is not material, and the AC committed no error in declining to grant a reversal on that basis.

**B.      The ALJ's Decision – Substantial Evidence**

Plaintiff next contends the ALJ's decision cannot have been supported by substantial evidence because, in establishing Plaintiff's ability to find work, the ALJ relied on the testimony of the vocational expert ("VE"), which itself was based upon an inaccurate statement of Plaintiff's pain level or RFC.  (Doc. 11 at 16).  The ALJ presented the VE with two hypotheticals.  (R. 85-87).  In the first, the VE was asked to assume an individual at the sedentary exertional level and various limitations, including a need to alternate standing and sitting at thirty-minute intervals.  (R. 85).  With these limitations, the VE testified Plaintiff would not be able to perform his past relevant work but would be able to perform certain other work. (R. 86).  In a second hypothetical, the ALJ asked the VE whether an individual who also suffered the additional limitations of pain, medicinal side effects, and difficulty with concentration could also find work.  (R. 86-87).  In response, the VE testified such an individual would not be able to find work.  (R. 87).  Plaintiff argues the ALJ should only have relied on the VE's response to a hypothetical which represented Dr. Towles-Moore's opinion.  (Doc. 11 at 16).

An ALJ is not required to include limitations in his assessment of a claimant's RFC if he finds the limitations not credible.  *See Wolfe v. Chater*, 86 F.3d 1072, 1078.  Further, the ALJ's hypothetical questions to the VE need only include the functional limitations supported by the record.  *McSwain v.* Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987).

As an initial matter, the court notes the ALJ's first hypothetical reflected Plaintiff's own testimony that he could stand for periods of fifteen to thirty minutes.  (R. 28).  Thus, it appears the first hypothetical presented to the VE credited Plaintiff's own assessment of his ability and other evidence in the record.  Further, Dr. Towles-Moore's opinion was consistent with Plaintiff's testimony that he found it difficult to walk or stand for any length of time.  (R. 27-28, 419).  The ALJ gave a detailed explanation for his finding that Plaintiff was not as limited as he alleged.  (R. 27-31).  The ALJ relied on a variety of sources, including Plaintiff's own testimony and the medical records in evidence.  (*Id.*).  The ALJ's finding of RFC relied upon substantial evidence in the record, and he was under no obligation to present hypotheticals to the VE based on functional limitations which conflicted with the evidence he had already addressed.  Therefore, the ALJ's formulation of the first hypothetical and his reliance on the VE's response to it were based on substantial evidence.  Plaintiff has failed to show the ALJ impermissibly relied upon the expert testimony of the VE.

### C.     Plaintiff's Credibility

Plaintiff contends the ALJ failed to state adequate reasons for finding Plaintiff's pain testimony "not credible."  (Doc. 11 at 17-22).  Plaintiff points to an extended excerpt of Plaintiff's testimony about his daily activities and his subjective experience of pain.  (*Id.* at 19-21).  Plaintiff then states: "The 'reasons' set out in the body of the decision by the ALJ are not adequate reasons for finding claimant not credible."  (*Id.* at 21).

Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence.  *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).  To establish disability based upon pain and other subjective symptoms, "[t]he pain standard requires:"

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Dyer v. Barnhart*, 395 F.3d at 1210 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). The ALJ is permitted to discredit the claimant's subjective testimony of pain and other symptoms if he or she articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

Here, the ALJ analyzed Plaintiff's subjective pain testimony under SSR 96-7p, the ruling in force at the time of the decision. (R. 24). The ALJ credited Plaintiff's allegation of his underlying conditions, stating: "I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (R. 28). The ALJ then went on to cite evidence in the record to support his conclusion. (R. 29-31). The ALJ noted: "Upon exam, the claimant demonstrated normal range of motion, muscle strength and stability in all extremities with no pain on inspection." (R. 29; *see also* R. 282). This finding was in addition to the ALJ's discussion of Plaintiff's various activities which were not consistent with his allegations of pain, such as shopping, driving, and preparing meals listed by Plaintiff in his Function Report. (R. 28-29, 199-206).

For the reasons discussed above, these findings represent specific, legally acceptable reasons that the objective medical record undermined Plaintiff's subjective testimony of the intensity, persistence, and limiting effects of his pain. (R. 25-31). Ultimately, Plaintiff failed to

meet his burden of providing sufficient evidence to support his allegations of disabling pain and other symptoms.  Substantial evidence supports the ALJ's conclusions in this regard.

### D.    Motion to Remand

Finally, as noted above, Plaintiff has filed a motion to remand.  (Doc. 19).  The motion argues the ALJ's decision "failed to assess the intensity and persistence of [his] symptoms pursuant to Social Security Ruling 16-3p," which went into effect on March 28, 2016, and which Plaintiff contends applies retroactively.  (Doc. 19 at 1).  Accordingly, the plaintiff seeks remand for further consideration pursuant to SSR 16-3p.  (*See generally* Doc. 19).

SSR 16-3p provides the Social Security Administration will "no longer assess the 'credibility' of an applicant's statements, but would instead focus on the 'intensity and persistence of the applicant's symptoms.'" *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) (citing 81 Fed. Reg. 14166, 14167) (alterations incorporated).  Plaintiff does not cite any binding authority to support his contention that SSR 16-3p applies retroactively.  Instead, he cites *Cole*, a Seventh Circuit case which does not address retroactivity, and *Mendenhall v. Colvin*, No. 14-3389, 2016 WL 4250214 at *10 (C.D. Ill. Aug. 9, 2016), a non-binding opinion from an extra-circuit district court which found that retroactive application was "appropriate" where the ALJ's findings amounted to an "attack on Plaintiff's character."

As other courts sitting in this district have done when presented with similar motions, the undersigned declines to follow *Mendenhall* here, where a retroactive application of SSR 16-3p would not affect the outcome of the Commissioner's decision.  *See Huigens v. Colvin*, No. 16 - 0600-AKK, 2017 WL 588606, at *3 (N.D. Ala. Feb. 14, 2017); *Hargress v. Berryhill*, No. 16-1079-CLS, 2017 WL 588608, at *2–3 (N.D. Ala. Feb. 14, 2017); *Wilson v. Berryhill*, No. 15-1311-KOB, 2017 WL 769897, at *9 (N.D. Ala. Feb. 28, 2017); *Ring v. Berryhill*, No. 16-0042-

VEH, 2017 WL 992174, at *11–13 (N.D. Ala. Mar. 15, 2017).  Here, as in the foregoing cases, even if SSR 16-3p applies retroactively, the ALJ's decision shows that he, in reviewing the allegations, medical records, treatment notes, and activities of daily living, evaluated Plaintiff's symptoms and not his overall credibility.  *See Ring*, 2017 WL 992174, at *13 ("Whether before or after SSR 16-3p, an ALJ may choose to discredit a claimant's testimony about his symptoms. In doing so, the ALJ considers the claimant's history, the medical signs and laboratory findings, the claimant's statements, statements by treating and non-treating physicians, and other evidence '*showing how the claimant's impairment(s) and any related symptoms affect his or her ability to work.*'") (citing 20 C.F.R. § 404.1529(a)) (emphasis and alterations incorporated).

For all of the foregoing reasons, remand is not appropriate here and Plaintiff's motion to remand (Doc. 19) will be denied.

## IV.    CONCLUSION

Upon review of the administrative record and considering all of Plaintiff's arguments, the undersigned finds the Commissioner's decision is supported by substantial evidence and is in accord with applicable law.  Accordingly, the Commissioner's decision is due to be affirmed.  A separate order will be entered.

**DONE** this 31st day of March, 2017.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE